The Honorable Lauren King

FILED ___ ENTERED
___ LODGED ___ RECEIVED

OCT 24 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRAIDEN WILSON,

Defendant.

NO. CR24-093 LK

**PLEA AGREEMENT**

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Brian Wynne and Casey S. Conzatti of the Western District of Washington and Braiden Wilson and Mr. Wilson's attorney Thomas Coe enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

   a. Possession of a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and

Plea Agreement - 1
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

846, and Title 18, United States Code, Section 2, a lesser included offense of Count 1 of the Indictment;

  b. Unlawful Possession of a Machinegun, as charged in Count 2 of the indictment, in violation of Title 18, United States Code, Sections 922(o) and 2; and

  c. Unlawful Possession of Destructive Devices, as charged in Count 3 of the indictment, in violation of Title 26, United States Code, Sections 5861(d), 5845(a)(8), and 5845(f)(3).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

  a. The elements of Possession of a Controlled Substance with Intent to Distribute, a lesser included offense of Count 1 in the indictment, are as follows:

   i. First, the defendant knowingly possessed fentanyl; and

   ii. Second, the defendant possessed it with the intent to distribute it to another person.

  b. The elements of Unlawful Possession of a Machinegun, as charged in Count 2 of the indictment, are as follows:

   i. First, the defendant knowingly possessed a machinegun; and

   ii. Second, the defendant knew the characteristics of the firearm.

  c. The elements of Unlawful Possession of Destructive Devices, as charged in Count 3 of the indictment, are as follows:

Plea Agreement - 2
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     i.    First, the defendant knowingly possessed a destructive device such as a bomb, grenade, or mine;

     ii.   Second, the destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record ("Act"); and

     iii.  Third, the defendant knew the feature of this destructive device brought it within the scope of the Act.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

    a.    For the offense of Possession of a Controlled Substance with Intent to Distribute, a lesser included offense of Count 1 in the indictment: A maximum term of imprisonment of up to 40 years and a mandatory minimum term of imprisonment of five years, a fine of up to $ 5,000,000, a period of supervision following release from prison of at least four years, and a mandatory special assessment of one hundred dollars.

    b.    For the offense of Unlawful Possession of a Machinegun, as charged in Count 2 of the indictment: A maximum term of imprisonment of up to 15 years, a fine of up to $ 250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of one hundred dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

    c.    For the offense of Unlawful Possession of a Destructive Device, as charged in Count 3 of the indictment: A maximum term of imprisonment of up to 10 years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of one hundred dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

**Drug Offense - Proof of Drug Quantity for Mandatory Minimum.** Defendant further understands that, in order to invoke the statutory sentence for the drug offenses as

Plea Agreement - 3
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

charged in the lesser included offense under Count 1, the United States must prove beyond a reasonable doubt that the offense charged in this count involved 40 grams or more of mixture or substances containing a detectable amount of fentanyl. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that the offense as charged in the lesser included offense of Count 1 involved more than 40 grams or more of mixture or substances containing a detectable amount of fentanyl.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

Plea Agreement - 4
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

Plea Agreement - 5
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

   a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

   b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

   c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

   d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

Plea Agreement - 6
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8.  **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

   a. In January of 2024, Homeland Security Investigations commenced an investigation in the Western District of Washington after investigators placed an order for 100 M30 pills from a dark web vendor operating on Nemesis Market and the order fulfillment shipment was routed to investigators via the United States Postal Service ("USPS") out of North Bend, Washington.

   b. Additional orders with the same vendor revealed the order fulfillment shipments each involved a USPS facility in North Bend. The fulfillment parcels were forensically examined, and one revealed a latent print with sufficient detail to return an identification for Braiden Wilson.

   c. Analysis of Wilson's dark web vendor profiles revealed that Wilson distributed controlled substances more than 2,000 times through dark web sales, for which he was paid the U.S. dollar equivalent of more than $287,000 in cryptocurrency.

   d. Investigators obtained a search warrant for location data associated with Wilson's phone, which showed Wilson's phone was in the area of Olallie State Park near North Bend.

   e. On May 12, 2024, deputies with the King County Sheriff's Office ("KCSO") responded to a 911 call regarding a shooting near Olallie State Park within the Western District of Washington. When deputies arrived, they observed Wilson and a woman identified as his girlfriend, co-defendant Chandler Bennett. Deputies observed that Wilson appeared to have been shot in the left lateral chest area.

   f. Following their interaction with Bennett and Wilson, deputies obtained a search warrant to search the motorhomes at the scene for evidence of the shooting. When the deputies entered the first motorhome, they observed what

Plea Agreement - 7
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

appeared to be controlled substances, firearms, firearm parts and accessories, ammunition, and blood spatter. The deputies then obtained addenda to the initial search warrant to seize various other items as the search progressed, including firearms, firearm accessories, and explosive devices.

     g.    Inside the motorhomes, investigators recovered controlled substances and evidence of the distribution of controlled substances. Investigators located what appeared to be fentanyl, methamphetamine, and alprazolam. Investigators also recovered numerous items used in the production and distribution of controlled substances including a pill press.

     h.    Investigators also found numerous firearms, destructive devices in various stages of completion, materials for the creation of destructive devices, and literature on how to convert firearms to operate in fully automatic mode and how to build destructive devices. In particular, investigators located a black AR-15 type rifle with a drop-in auto sear installed, pipe bombs, and silencers. Neither Wilson nor Bennett had any firearms or accessories registered to them on the National Firearms Registration and Transfer Record at any time.

     i.    Investigators eventually arrested Wilson and Bennett. Investigators eventually searched two storage units associated with Wilson and Bennett pursuant to search warrants. Investigators located two additional pill presses, more controlled substances, and USPS supplies addressed to Bennett.

     j.    All told, investigators found approximately 2,780 net grams of pills containing fentanyl, 974 net grams of p-Fluorofentanyl, and 3,034 net grams of methamphetamine. Wilson admits he possessed the controlled substances jointly with his co-defendant for the purpose of distributing them to others for Wilson's and his co-defendant's financial gain.

     k.    Wilson admits he knowingly possessed the AR-15 type rifle with a drop-in auto sear installed, knowing that it was a machinegun. Wilson further

Plea Agreement - 8
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

admits that he knowingly possessed an explosive bomb commonly known as a pipe bomb, which was not registered to him in the National Firearms Registration and Transfer Record.

l. Wilson admits that the firearms, ammunition, silencers, and body armor further described in paragraph 13 facilitated his possession with the intent to distribute controlled substances.

m. On or about November 30, 2023, Wilson deposited $130,000 into his Salal Credit Union ("SCU") checking account ending -5174. That same day, Wilson deposited $1,473.75 from his Cash App debit card into his SCU checking account. On or about December 4, 2023, Wilson caused a wire in the amount of $1,500 to be sent from his SCU checking account to First American Title Insurance Company ("FATIC"); these funds were his earnest money deposit for the purchase of the real property located at 8801 W. Snoqualmie Valley Rd. NE, Carnation, Washington 98014 (the "Carnation real property"), King County Assessor's Tax Parcel No. 012506902803. On or about December 12, 2023, Wilson deposited $982.50 from his Cash App debit card into his SCU checking account. On or about December 12, 2023, Wilson caused a wire in the amount of $129,898.41 to be sent from his SCU checking account to FATIC, to purchase the Carnation real property. Wilson admits that he purchased the Carnation real property entirely with proceeds of his dark web vendor sales of controlled substances.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

Plea Agreement - 9
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a. A base offense level of 34 as the relevant conduct involved at least 10,000 kilograms but less than 30,000 kilograms of converted drug weight pursuant to USSG § 2D1.1(c)(3).

   b. A two-point increase as a dangerous weapon was possessed, pursuant to USSG § 2D1.1(b)(1).

   c. A two-point increase as the controlled substances were distributed through mass-marketing by means of an interactive computer service.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is no greater than 102 months. Defendant is free to make any recommendation permitted by

Plea Agreement - 10
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

law as it pertains to an appropriate term of imprisonment. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Restitution.** Defendant shall make restitution to Factoria Security Storage in the amount of $26,714.66, with credit for any amounts already paid.

   a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

   b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury

Plea Agreement - 11
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

  c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

  13. **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, constituting or derived from proceeds that Defendant obtained as a result of his commission of *Possession of a Controlled Substance with Intent to Distribute* (lesser included offense of that charged in Count 1), as well as any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of

Plea Agreement - 12
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

this offense. All such property is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), and includes, but is not limited to, the following property:

1. The following property seized on or about May 12, 2024, from a motorhome identified as the residence of Defendant Braiden Wilson and codefendant, located at 51520 SE Homestead Valley Rd., North Bend, Washington:

   a. Ten Silencers, unknown manufacturer, unknown caliber, bearing no serial numbers;

   b. A Rifle, unknown manufacturer, with a drum magazine, unknown caliber, bearing no serial number;

   c. A Machine Gun, unknown manufacturer, with a double magazine and brass catcher, unknown caliber, bearing no serial number;

   d. A Machine Gun, unknown manufacturer, with malfunctioning trigger, magazine, and brass catcher, unknown caliber, bearing no serial number;

   e. A Receiver/Frame, unknown manufacturer, with slide but no barrel, unknown caliber, bearing no serial number;

   f. A Machine Gun, unknown manufacturer, with auto sear installed, gold barrel, with drum magazine, unknown caliber, bearing no serial number;

   g. A Machine Gun, unknown manufacturer, with auto sear installed, white slide, gold barrel, and four extended magazines, unknown caliber, bearing no serial number;

   h. A Smith & Wesson 6904 Pistol, 9 caliber, bearing serial number TCS9758;

   i. A Receiver/Frame, unknown manufacturer, with tan lower "80 Percent Arms" and magazine, unknown caliber, bearing no serial number;

Plea Agreement - 13
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

j. A Receiver/Frame, unknown manufacturer, unknown caliber, bearing no serial number;

k. A Machine Gun, unknown manufacturer, printed Glock frame only, unknown caliber, bearing no serial number;

l. Two Machine Guns, unknown manufacturer, unknown caliber, bearing no serial numbers;

m. A Silencer, unknown manufacturer, with oil filter with threaded barrel adaptor, unknown caliber, bearing no serial number;

n. Two Silencers, from rifles, unknown manufacturer, unknown caliber, bearing no serial numbers;

o. A Silencer, from a pistol, unknown manufacturer, unknown caliber, bearing no serial number;

p. A Machine Gun, found stored inside a guitar case, unknown manufacturer, unknown caliber, bearing no serial number;

q. A Mossberg "Short Stock" shotgun, bearing serial number V1044009;

r. An HK/HK-4 VP 9 Pistol, bearing serial number 224-084467;

s. A Mararov IJ70-18A Pistol, bearing serial number AEC0848;

t. A Ruger SR22 Pistol, bearing serial number 363-14773;

u. A Ruger Rifle, bearing serial number 114-67612;

v. Assorted Body Armor;

w. Any associated magazines, firearm accessories, rifle barrels, and firearm parts;

x. Any and all ammunition; and

2. A Taurus "The Judge" 5-shot revolver, silver with black grip, bearing serial number CR791329, and any associated ammunition, seized on or about May 12, 2024, from codefendant Chandler Bennett's silver Honda, Washington license number AYZ7908.

Plea Agreement - 14
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all firearms and ammunition involved in his commission of *Unlawful Possession of a Machinegun*, in violation of 18 U.S.C. § 922(o) (Count 2). All such property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), and includes, but is not limited to, the machineguns described above in subparagraphs c, d, f, g, k, l, and p.

Defendant further agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all incendiary devices that were involved in his commission of *Unlawful Possession of Destructive Devices*, in violation of 26 U.S.C. §§ 5861(d), 5845(a)(8), and 5843(f)(3) (Count 3). All such property is subject to forfeiture pursuant to 26 U.S.C. § 5872, by way of 28 U.S.C. § 2461(c).

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant agrees not to file any further claims to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

Defendant understands and acknowledges that the United States will seek the civil forfeiture of the real property located at 8801 W. Snoqualmie Valley Rd. NE, Carnation, Washington 98014 (King County Assessor's Tax Parcel No. 012506902803). Defendant acknowledges that this real property is subject to civil forfeiture because Defendant

Plea Agreement - 15
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

purchased it entirely with proceeds of his dark web drug distribution. Defendant agrees that he will not file a claim, or otherwise contest, the civil forfeiture of this real property. Defendant also agrees that he will not assist any party who may file a claim to this real property in any civil forfeiture proceeding.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, in which the Defendant has any interest or control, if said assets facilitated and/or constitute proceeds of his commission of *Possession of a Controlled Substance with Intent to Distribute* (Count 1), if said assets are firearms and ammunition involved in his commission of *Unlawful Possession of a Machinegun* (Count 2), or if said assets are destructive devices involved in his commission of *Unlawful Possession of Destructive Devices* (Count 3).

14. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, pill presses, pill dies, pipe bombs, pistol powder, explosive powder, other pyrotechnics-related materials such as fuses, or any other firearms, ammunition, silencers, or firearms parts and accessories, that were in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of the same.

15. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the

Plea Agreement - 16
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

Plea Agreement - 17
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. This includes, without limitation, any constitutional challenge to the Defendant's conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes, without limitation, any challenge to any aspect of the sentence and sentencing proceeding, including any statutory or constitutional challenge to how the sentence was imposed.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence

Plea Agreement - 18
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//
//
//

Plea Agreement - 19
*United States v. Wilson et al.*, CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 24th day of October, 2024.

_____
BRAIDEN WILSON
Defendant

_____
THOMAS COE
Attorney for Defendant

_____
For TODD GREENBERG
Assistant United States Attorney

_____
CASEY S. CONZATTI
BRIAN J. WYNNE
Assistant United States Attorneys

Plea Agreement - 20
United States v. Wilson et al., CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970