The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BRAIDEN WILSON,<br><br>Defendant. | NO. CR24-093 LK<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>Sentencing: January 30, 2025, at 10:00 a.m. |

Braiden Wilson, using dark web marketplaces, distributed fentanyl-laced pills nationwide. While federal agents were investigating Wilson's dark web enterprise, Wilson suffered from a gunshot, which drew local law enforcement officers to his aid. In investigating the circumstances that led to Wilson's gunshot wound, officers found controlled substances, evidence of controlled substances distribution, a machinegun, and destructive devices in the recreational vehicle Wilson shared with his co-defendant. For Wilson's conduct, the government respectfully recommends the Court impose a sentence of 96 months of imprisonment to be followed by four years of supervised release with the conditions recommended by United States Probation.

Government's Sentencing Memorandum - 1
*United States v. Wilson et al.* – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. FACTUAL BACKGROUND

In January of 2024, Homeland Security Investigations initiated an investigation of dark web vendor selling M30 pills on Nemesis Market. Presentence Investigation Report ("PSR") ¶ 12. Investigators placed additional orders with the vendor, which resulted in a fulfillment parcel that revealed a latent print returning to Braiden Wilson. *Id*. ¶ 13. Investigators obtained a search warrant for location data associated with Wilson's phone. *Id*. ¶ 15. The location data showed the phone was in the area of Olallie State Park near North Bend, Washington. *Id*.

On May 12, 2024, deputies with the King County Sheriff's Office responded to a 911 call regarding a shooting near Olallie State Park. *Id*. ¶ 16. Upon arriving at the scene, the deputies found Wilson, who appeared to have been shot in the left lateral chest area. Dkt. 96 at 7, ¶ 8(e). After aid had been rendered to Wilson and after the deputies spoke with Wilson's co-defendant about the circumstances of the shooting, they obtained a search warrant to enter the first motorhome. PSR ¶ 17. Upon entering the motorhome, the deputies found what appeared to be controlled substances, firearm, firearm parts and accessories, ammunition, and blood spatter. *Id*. The deputies obtained addenda to the initial search warrant to seize various items in both motorhomes. Dkt. 96 at 7-8, ¶ 8(f). Within the motorhomes, investigators seized numerous firearms, including a black AR-15 type rifle with a drop-in autosear installed; silencers; literature on how to convert firearms to convert firearms to fire as fully automatic weapons destructive devices in various stages of completion and materials used in the creation of destructive devices; literature on how to convert firearms to convert firearms to fire as fully automatic weapons. PSR ¶ 19. Photographs of some of the firearms, firearm accessories, and destructive device-related items recovered from the motorhomes are pasted below.

Government's Sentencing Memorandum - 2
*United States v. Wilson et al.* – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970






Government's Sentencing Memorandum - 3
United States v. Wilson et al. – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970





Investigators also located controlled substances; items used in the production and distribution of controlled substances, including a pill press. Id. ¶ 18. Photographs of some of the controlled substances recovered as well as tablet dies used to make counterfeit tablets and a tableting manual are pasted below.

Government's Sentencing Memorandum - 4
*United States v. Wilson et al.* – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970






Searching the motorhomes did not conclude the agents' investigation. Investigators later obtained search warrants to search two storage units associated with Wilson and his co-defendant. Id. ¶ 20. Investigators recovered two additional pill presses as well as more controlled substances and United States Postal Service supplies. Id. A final accounting of the controlled substances possessed by Wilson and his co-defendant revealed approximately 2,780 net grams of fentanyl-laced pills, 974 net grams of p-

Government's Sentencing Memorandum - 5
United States v. Wilson et al. – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Flurofentanyl, and 3,034 net grams of methamphetamine, which Wilson possessed jointly with his co-defendant, Chandler Bennett, for the purpose of distributing. PSR ¶ 21. In addition to the recovered controlled substances, Wilson distributed controlled substances via his dark web presence more than 2,000 times, for which he was paid more than $287,000 in cryptocurrency. PSR ¶ 14.

## II. PROCEDURAL POSTURE

Wilson made his initial appearance on this matter on May 16, 2024. Dkt. 12.

On May 29, 2024, the grand jury returned a four-count indictment charging Wilson with *Possession of a Controlled Substance with Intent to Distribute*, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2; *Unlawful Possession of a Machinegun* in violation of Title 18, United States Code, Section 922(o); *Unlawful Possession of Destructive Devices*, in violation of Title 26, United States Code, Sections 5861(d), 5845(a)(8), and 5845(f)(3); and *Unlawful Possession of Silencers*, in violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(7). Dkt. 17.

On June 6, 2024, Wilson entered pleas of not guilty at his arraignment. Dkt. 28.

On October 24, 2024, Wilson entered pleas of guilty to *Possession of a Controlled Substance with Intent to Distribute*, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2, a lesser included offense of Count 1 of the Indictment; *Unlawful Possession of a Machinegun* in violation of Title 18, United States Code, Section 922(o); and *Unlawful Possession of Destructive*

Government's Sentencing Memorandum - 6
*United States v. Wilson et al.* – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Devices*, in violation of Title 26, United States Code, Sections 5861(d), 5845(a)(8), and 5845(f)(3). Dkt. 94.

At sentencing, the government intends to dismiss Count 4 of the Indictment, *Unlawful Possession of Silencers*, in violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(7).

### III.     STATUTORY PENALTIES

The offense of *Possession of a Controlled Substance with Intent to Distribute*, a lesser included offense of Count 1 in the Indictment, is punishable by a maximum term of imprisonment 40 years and a mandatory minimum term of imprisonment of five years, a fine of up to $5,000,000, a period of supervision following release from prison of at least four years, and a mandatory special assessment of one hundred dollars.

The offense of *Unlawful Possession of a Machinegun* is punishable by a maximum term of imprisonment of up to 15 years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of one hundred dollars.

The offense of *Unlawful Possession of Destructive Devices* is punishable by a maximum term of imprisonment of up to 10 years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of one hundred dollars.

### IV.     SENTENCING GUIDELINES CALCULATION

Wilson's criminal history score is a three. PSR ¶ 44. As such, Wilson's Criminal History Category is II. *Id*.

Pursuant to USSG §3D1.2(c), counts 1 through 3 group. The base offense level for the group is 34, pursuant to USSG §2D1.1(c)(3), because the offense involved at least 13,018 kilograms of converted drug weight. PSR ¶ 30. A two-level increase, pursuant to USSG §2D1.1(b)(1), applies because a dangerous weapon was possessed. PSR ¶ 31.

Government's Sentencing Memorandum - 7
*United States v. Wilson et al.* – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Another two-level increase is applied pursuant to USSG §2D1.1(b)(7) as the controlled substances were distributed through mass-marketing by means of an interactive computer service. PSR ¶ 32. The government agrees with the United States Probation Office that there are no applicable departures from the guidelines and that the adjusted offense level is 38. *Id.* ¶¶ 29-37.

Because Wilson demonstrated acceptance of responsibility and provided timely notification to the government of his intent to enter pleas of guilty, he should receive a three-level decrease. *Id.* ¶¶ 37-38. As such, Wilson's total offense level is 35 for group 1, making his Sentencing Guidelines range 188 to 235 months of imprisonment. PSR ¶ 79.

## V.    FACTORS RELATED TO SENTENCING RECOMMENDATION

In sentencing the defendant, the Court considers not only the advisory sentencing range calculated under the United States Sentencing Guidelines, but also the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.

## VI.    GOVERNMENT'S SENTENCING RECOMMENDATION

After weighing the section 3553(a) factors, the government respectfully recommends a sentence of 96 months of imprisonment to be followed by four years of

Government's Sentencing Memorandum - 8
*United States v. Wilson et al.* – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

supervised release. The government's recommended sentence is sufficient by not greater than necessary to carry out the goals of sentencing.

        a.      *Nature and Circumstance of the Offense*

Wilson engaged in a comprehensive enterprise to distribute fentanyl-laced pills throughout the country by offering his products for sale on dark web marketplaces. When Wilson's efforts were disrupted, he and his co-defendant were in possession of considerable amounts of fentanyl-laced pills, p-Flurofentanyl, and methamphetamine, which Wilson admits he possessed with the intent to distribute it to others. Evidence seized at the motorhomes and elsewhere further showed that Wilson was engaged in the production, or at least attempted production of tablets. At the locations searched, investigators found three pill presses and the dies necessary to create tablets as well as literature on how to produce pills.

Moreover, the enterprise large scale was lucrative. An analysis of records revealed he made more than 2,000 sales on dark web marketplaces with total sales exceeding more than $287,000 in cryptocurrency. In fact, the scope of his endeavor allowed him to purchase real property with the proceeds of his sales.

Making Wilson's drug distribution operation more egregious and dangerous was the fact that he maintained a veritable armory while engaged in his drug distribution business. Inside the motorhomes Wilson shared with his co-defendant, investigators found an operable machinegun; silencers designed to muffle the report of a discharged firearm; a shotgun stored in a case designed to look like it carried a musical instrument; destructive devices commonly called pipe bombs; and materials to make more destructive devices. Furthermore, the combined armory and drug distribution center was being operated next to a state park.

The nature and circumstances of Wilson's acts warrant a considerable sentence.

        b.      *History and Characteristics of the Defendant*

Government's Sentencing Memorandum - 9
*United States v. Wilson et al.* – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government's recommendation accounts for the entirety of Wilson's history and characteristics, both those of his youth and those of his adulthood.

Wilson was raised in his grandfather's home where he resided with his mother and brother. PSR ¶ 54. Although he did not have a close relationship with his father, he saw his father frequently until about age 16. PSR ¶ 53. In his grandfather's residence, with the care of his mother and grandfather, Wilson was provided a middle-class upbringing with his needs being met. PSR ¶ 54.

At age 18, after leaving school, Wilson received mental health examination with his family's involvement. PSR ¶ 56. While he began taking prescribed medication for his disorder at this time, he also, unfortunately, began spending time with a negative peer group. Id. It was at this time Wilson began having contacts with the criminal justice system. PSR ¶¶ 41-43, 46-48. Wilson reports being a poly-substance user, with a history of using cocaine, MDMA, Adderall, and Klonopin. PSR ¶ 69.

The government recognizes the circumstances of Wilson's upbringing, but it must also account for the actions of Wilson. The government's recommendation appropriately accounts for Wilson's history and characteristics.

      c.    *The Need to Provide the Defendant with Treatment in the Most Effective Manner*

The government's recommendation affords Wilson the opportunity to engage with treatment options while on supervised release.

Wilson's history shows his substance abuse struggles began in his teenage years. At age 18, Wilson's substance abuse issues necessitated his participation in formal substance abuse treatment. PSR ¶ 69. Since then, Wilson notes having used numerous substances and continued up until his arrest. Concurrent with his substance abuse issues, Wilson has received interventions for various mental health issues too. PSR ¶¶ 56, 63-65.

Government's Sentencing Memorandum - 10
*United States v. Wilson et al.* – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government's recommended sentence provides for opportunities for Wilson to engage with substance abuse and co-occurring disorder treatment providers during his term of supervised release. Furthermore, the government's recommended term of supervised release affords Wilson structure for a sustained period of time, which will be necessary to address his co-occurring disorders in order to successful re-engage with society.

        d.    *The Need to Promote Respect for the Law, Provide Just Punishment, and Afford Deterrence.*

A 96-month sentence in this case will protect the community, afford deterrence to others, promote respect for the law, and provide a just punishment for Wilson.

As noted in the United States Probation Office's sentencing recommendation report, Wilson took part in a significant drug distribution scheme and in doing so he contributed to the negative cycle of drug use and may have caused irreparable harm to those taking the drugs he provided. He further placed the lives of the community in danger by stockpiling a cache of weapons and explosives, which he stored adjacent to a state park frequented by the public. A 96-month sentence will provide a strong deterrent message to those who would engage in the enterprise of distributing fentanyl via the dark web. The government's recommended period of imprisonment will impress upon Wilson the seriousness of his offenses and promote respect for the law. Additionally, the recommended sentence will result in a sentence that is just when considering all of the § 3553(a) factors.

//
//
//

Government's Sentencing Memorandum - 11
*United States v. Wilson et al.* – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## VII.   CONCLUSION

The government respectfully recommends a sentence of 96 months of imprisonment to be followed by four years of supervised release.

DATED this 18th day of February, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/ Brian J. Wynne*
BRIAN J. WYNNE
CASEY S. CONZATTI
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-2268
Fax:              (206) 553-4659
E-mail:         Brian.Wynne@usdoj.gov

Government's Sentencing Memorandum - 12
*United States v. Wilson et al.* – CR24-093 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970