The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRAIDEN F. WILSON,<br><br>    Defendant. | NO.   CR24-093 LK<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br><u>Sentencing</u>: 25 February 2025 at 10:00 a.m. |

## I.   DEFENSE RECOMMENDATION

Mr. Wilson respectfully requests the court to sentence him to 5 years custody with an RDAP recommendation followed by 5 years supervised release.

## II.   USSG CALCULATIONS

Mr. Wilson agrees with Probation's United States Sentencing Guideline calculation of a final offense level of 35 with a criminal history category of II for a range of 188-235 months.

## III.   STATUTORY MANDATORY MINIMUM

The offense Mr. Wilson pleaded guilty to in count 1 has a five-year mandatory minimum sentence pursuant to 21 U.S.C. 841(b)(1)(B).

## IV.   BASIS FOR RECOMMENDATION

In 2005, the Supreme Court held that the mandatory nature of the Guidelines violated the Sixth Amendment and struck down those statutory provisions that made the Guidelines

*U.S.A. v. Wilson, CR24-093 LK*
DEFENDANT'S SENTENCING MEMORANDUM
Page - 1

THOMAS D. COE
Attorney at Law
PO Box 10356
Bainbridge Island, WA 98110
(206) 340-8816

mandatory. *United States v. Booker*, 543 U.S. 220 (2005). Since *Booker*, courts recognize that sentencing is guided by 18 U.S.C. § 3553(a), which requires imposition of "a sentence sufficient, but not greater than necessary" to achieve the purposes of sentencing listed in § 3553(a)(2). A new category of "variances" from the Guideline range reflects a judge's increased power to disagree with the Guideline recommendation and to impose a sentence that complies with the parsimony principle, purposes, and factors set forth in § 3553(a).

Mr. Wilson's sentencing recommendation, requesting the court to vary down from the guideline range, is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. 3553(a)(2). The relevant factors for the court to consider are discussed below.

**The history and characteristics of Mr. Wilson.**

Probation's PSR adequately details Mr. Wilson's biography. Here Mr. Wilson emphasizes some of his history and characteristics for mitigation to support his request for the court to vary down from the guideline range.

Mr. Wilson's lack of a father figure contributed to an unstable childhood.[1] His mother worked full-time and struggled with alcohol consumption. His weekend visits with his father were traumatic because his father was bipolar, unpredictable and hit him. Mr. Wilson, an intelligent and sensitive child, reacted strongly to this trauma. His mother's distance while at home because of alcohol and his father's unpredictable violence, made him feel unsafe. At a young age he succumbed to oblivion in video games. He found himself drawn to military games, especially "Call of Duty". The game emphasized firearm variety, use and tactics. It helped satisfy his need for learning self-protection.

Mr. Wilson also felt insecure at school and began acting out in the 6th grade. He was diagnosed with ADHD, given an IEP and 504 plan, and settled on medication, Ritalin. He was then a decent student until a junior at Skyline High School in 2012 when he quit Ritalin, felt

---

[1] Mr. Wilson's father has rejected supporting him from the beginning of this case.

*U.S.A. v. Wilson,* CR24-093 LK

DEFENDANT'S SENTENCING MEMORANDUM

Page - 2

THOMAS D. COE
Attorney at Law
PO Box 10356
Bainbridge Island, WA 98110
(206) 340-8816

bored with school and dropped out.  He began hanging out with peers that attended Tiger Mountain High School.  These new friends, like Mr. Wilson, avidly pursued body building, an activity cultivated for self-protection.  He tried to finish high school at Tiger Mountain but found the environment bad.  Instead, he dropped out and got introduced to illegal steroids through bodybuilding.  Through illegal steroids, he was soon introduced to cocaine and ecstasy.

Mr. Wilson found similar oblivion in drugs that he found in video games.  He soon needed chemical dependency treatment.  He completed a 90-day inpatient program at Olalla Recovery in 2015.  He did well after completing treatment but had some brushes with the law.  He earned his high school diploma at Renton Technical College in 2019.  Unfortunately, around this time he received a diagnosis for bi-polar disorder and was put on Wellbutrin and back on stimulants, Adderall and Vyvanse.  He rapidly consumed higher doses of stimulant medication.  This ended with his medical provider cancelling his prescriptions and reporting him to the DEA for abuse.

Sadly, being cut off from his prescriptions prompted Mr. Wilson's foray into drug manufacturing.  He researched how to make a close analogue of Adderall, 4F-MPH.  His success in this difficult task allowed him to further his stimulant addiction and escalate his drug trafficking.  Forensic psychiatrist, Mark Koening, MD, voices skepticism of his bi-polar diagnosis.  *Exhibit* 1 – Forensic psychiatric evaluation, 12/3/2024, pg. 1 and Evaluation summary letter, 9/30/2024, pg. 1 and CV.

Mr. Wilson also became involved with co-defendant, Chandler Bennett, in 2019.  Ms. Bennett brought a severe addiction to opioids to the relationship.  She also brought significant ties to the local criminal element.  Mr. Wilson was not well versed with this crowd.  His frustration with their predatory nature led the couple on an odyssey around the country in search of a reliable source of drugs.  This search failed and ended when his vehicle fell on him while changing oil in a parking lot.  Mr. Wilson suffered life-threatening injuries including significant head injury.

*U.S.A. v. Wilson, CR24-093 LK*

DEFENDANT'S SENTENCING MEMORANDUM

Page - 3

**THOMAS D. COE**
Attorney at Law
PO Box 10356
Bainbridge Island, WA 98110
(206) 340-8816

Their return to this area found them increasing their reliance on their own drug production and distribution which led to the charged conduct herein. As their success became obvious, the local criminal element barraged them with efforts to steal their drugs, money, property and equipment. The extent of these attacks is unclear, but Mr. Wilson was also at the extreme end of stimulant abuse suffering constant anxiety and paranoia. *Id*. In this phase he became obsessed with protecting him and Ms. Bennett by collecting firearms, ammunition and explosives. *Id*.

Mr. Wilson knows he did wrong and regrets the poor decisions that led to his conduct. *Exhibit* 2 - Letter accepting responsibility. His arrest, confinement and pending lengthy prison sentence has generated an about face attitude. *Id*. With his great capacity for research and planning, he has charted an educational and career course that he can accomplish through BOP. *Id*. He is happy with his family's support, but he also knows he must earn their trust. He knows he will be successful by relying on his core value of earnestness learned in his multigenerational home. *Exhibit* 3, support letters.

**The nature and circumstances of the offense.**

Mr. Wilson recognizes his conduct was off the charts wrong. *Exhibit* 2. His conduct was escalatory in nature. His characteristics of intelligence and focus combined with his stimulant abuse contributed to making him oblivious to his conduct, which escalated to the extreme. Forensic psychiatrist Mark Koenen focuses on Mr. Wilson's stimulant abuse paranoia contributing to his obsessive procurement of weapons for protection. *Exhibit* 1. It is reasonable to also conclude that stimulant use and personality type propelled him into the extremely detailed nature of drug making and dark web dealing. While the arms collection is concerning, there is no evidence that he was stealing or selling firearms. It is reasonable to conclude that the weapon collection resulted from paranoia induced by stimulant abuse versus any kind of sociopathic etiology. Mr. Wilson did not intend to harm anyone, and he is thankful that none of the speculative harm recited by Probation did not occur. Most important when acknowledging such extreme conduct is he recognizes he cannot reoffend. It is encouraging he has rationally

*U.S.A. v. Wilson, CR24-093 LK*

DEFENDANT'S SENTENCING MEMORANDUM
Page - 4

THOMAS D. COE
Attorney at Law
PO Box 10356
Bainbridge Island, WA 98110
(206) 340-8816

responded to detention as an opportunity for rehabilitation by charting a course for a successful law-abiding life.

**The need for the sentence imposed.**

The recommended sentence reflects the seriousness of the offenses by recognizing how profoundly impactful his arrest and time in custody have been for Mr. Wilson. It balances the length of confinement with his relatively minor criminal history and limited prior custodial sentences, the longest being 60 days on a 90-day sentence. It considers Mr. Wilson has no prior felony convictions. Because his conduct began well before age 27, the recommended sentence accounts for conduct attributable to youthful recklessness.[2] It reflects unaddressed childhood trauma and mental illness account for his conduct. Finally, the recommended sentence recognizes stimulant addiction contributed to Mr. Wilson's conduct.

Mr. Wilson's recommended sentence further acknowledges the seriousness of the offenses because it provides severe consequences, including 3 felony convictions and significant restitution. Furthermore, the recommended sentence recognizes he will not benefit from First Step Act (FSA) reductions in custodial time due to the nature of his offenses. These direct and serious consequences promote respect for the law. Finally, considering the above arguments, his sentencing recommendation promotes respect for the law and is enough to accomplish the purposes of sentencing.

The recommended sentence provides just punishment for the offense because it considers the mitigating factors discussed above that got Mr. Wilson involved in this highly detailed conduct. It considers his core value for earnestness and that he has the capacity and family support to ensure this never happens again. *Exhibit* 3.

---

[2] For a compilation of the now significant body of research supporting the transition of developing cognitive function from childhood to adulthood extending to the mid-20s, *see e.g.* Catherine Insel et al., Ctr. for Law, Brain & Behav., Mass. Gen. Hosp., *White Paper on the Science of Late Adolescence: A Guide for Judges, Attorneys, and Policy Makers* (2022).

*U.S.A. v. Wilson, CR24-093 LK*

DEFENDANT'S SENTENCING MEMORANDUM
Page - 5

THOMAS D. COE
Attorney at Law
PO Box 10356
Bainbridge Island, WA 98110
(206) 340-8816

Mr. Wilson's sentencing recommendation provides deterrence and protects the public because he is unlikely to reoffend due to the mitigating factors that caused his conduct, that he has learned his lesson, and he will continue rehabilitation with treatment. With these circumstances, 60 months of custody is ample time for specific deterrence. The recommended sentence provides general deterrence by messaging that felony convictions and significant punishment will result even for non-street drug dealers without felony history. The public will be protected because his sentence will not receive reductions via the FSA, and he will be under strict conditions of supervision for 5 years. The many strict conditions of supervised release will protect the community by encouraging Mr. Wilson's on-going rehabilitation.

**The need for the sentence to provide treatment and rehabilitation.**

Mr. Wilson has been engaged in rehabilitation since his arrest. He has been sober and well behaved at FDC. He has acknowledged his terrible conduct. *Exhibit* 2. He has meticulously charted an educational/career training course available to him when he gets BOP placement following sentencing. *Id*. While the recommended sentence provides sufficient punishment, the sentence also encourages Mr. Wilson's ongoing rehabilitation with RDAP. This serves Dr. Koening's belief that his risk of reoffending will be minimized with chemical dependency treatment. *Exhibit* 1, pg. 1. Mr. Wilson wants RDAP even though he is ineligible for the 1-year sentence reduction because of his offenses.

Mr. Wilson intelligence and sensitivity amplified the trauma of his childhood. This unaddressed trauma is likely the cause of him losing his way initially. He recognizes treatment of this trauma will be essential to successful rehabilitation. Finally, conditions of supervision requiring chemical dependency treatment, mental health treatment and employment will provide continuity of services for his rehabilitation.

**The need to avoid unwarranted sentence disparities.**

Mr. Wilson is the first of one other co-defendant to be sentenced. The two of them were involved in essentially the same conduct. Mr. Wilson should receive a lower sentence because of

*U.S.A. v. Wilson, CR24-093 LK*

DEFENDANT'S SENTENCING MEMORANDUM
Page - 6

THOMAS D. COE
Attorney at Law
PO Box 10356
Bainbridge Island, WA 98110
(206) 340-8816

his mitigating factors discussed above, he has no prior felony convictions, and he has demonstrated greater contrition and a greater desire for rehabilitation. A lower sentence for Mr. Wilson will support his rehabilitation upon release. It will allow him to re-enter the community without the interference of his relationship with Ms. Bennett. Finally, it will afford him the opportunity to gain his footing in the community to allow more complete perspective to determine the future of that relationship.

The statutorily declared mandatory minimum sentence of 60 months on count 1, the sentence requested here, presumes a reasonable sentence for that count. A rough calculation of the next highest guideline offense, count 2, results in a final offense level of 25 with a criminal history category of II for a range of 63-78 months.[3] The sentencing commission and many state sentencing commissions, including Washington, favor concurrent sentencing because of the difficulties of "developing guidelines for sentencing defendants convicted of multiple violations of law, each of which makes up a separate count in an indictment." USSG, Chapt. 1, Part A, 4(e). The above analysis demonstrates the recommended sentence is reasonable and avoids unwarranted sentencing disparities.

Probation has submitted Judiciary Sentencing Information Data from the last 5 years that provides the average (134 months) and median (120 months) length of sentences for defendants with the same scoring as Ms. Wilson sentenced under USSG §2D1.1. The data neither reflects any 18 U.S.C. §3553(a) factors nor any specific offense characteristics listed in USSG §2D1.1(b) to achieve the final offense level.

Mr. Wilson's recommended sentence of 60 months custody followed by 60 months of supervised release avoids unwarranted sentencing disparities given the 18 U.S.C. §3553(a) factors discussed above. Ms. Wilson's recommended sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. 3553(a)(2).

---

[3] 2K2.1: = 20 [(a)(4)(b)] + 4 [(b)(1)(B)] +2 [(b)(3)(B)] = 28 – 3 [3E1.1(a)+(b)] = 25.

U.S.A. v. Wilson, CR24-093 LK

DEFENDANT'S SENTENCING MEMORANDUM
Page - 7

THOMAS D. COE
Attorney at Law
PO Box 10356
Bainbridge Island, WA 98110
(206) 340-8816

## V.   CONCLUSION

For the above stated reasons, Mr. Wilson respectfully requests the court to sentence him as set forth above.

Dated this 18th day of February 2025.

I certify that this memorandum contains 2,192 words, a word count in compliance with the Local Criminal Rules.

/s/ Thomas D. Coe
By:
THOMAS D. COE WSB #23689
Email: tomdcoe@gmail.com
Attorney for Defendant

*U.S.A. v. Wilson, CR24-093 LK*

DEFENDANT'S SENTENCING MEMORANDUM
Page - 8

THOMAS D. COE
Attorney at Law
PO Box 10356
Bainbridge Island, WA 98110
(206) 340-8816

## CERTIFICATE OF SERVICE

I certify that on the 18th day of February 2025, I electronically filed the foregoing and all attachments with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent electronically to the attorneys for all parties of record.

DATED this 18th day of February 2025.

/s/ Thomas D. Coe
By:_____
THOMAS D. COE WSB #23689
Email: tomdcoe@gmail.com
Attorney for Defendant

U.S.A. v. Wilson, CR24-093 LK
DEFENDANT'S SENTENCING MEMORANDUM
Page - 9

THOMAS D. COE
Attorney at Law
PO Box 10356
Bainbridge Island, WA 98110
(206) 340-8816